IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEPHEN JEFF ROBISON                                                PLAINTIFF

V.                          No. 2:08-CV-02128-RTD

SHERIFF FRANK ATKINSON and
CAPT. CONGER                                                   DEFENDANT

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2254 (Doc. 1) filed November 14, 2008. No service has been ordered.

**I. Background:**

Computer research of the Sebastian County Court records shows that the Petitioner appeared with his retained counsel Stephen Tabor and pleaded guilty to Solicitation to Commit Murder and Felon in Possession of a Firearm on December 23, 1998. (Sebastian County, CR 97-572) The court withheld imposition of sentence for 10 years on the Class A felony and for 6 years on the class D felony conditioned on good behavior. (See Exhibit A)

On February 12, 2008 a criminal information was filed against the Petitioner in Sebastian County, CR 08-168, charging the Petitioner with Possession of Marijuana with intent to deliver, Possession of Oxycontin with intent to deliver, Possession of Drug Paraphernalia, Felon in Possession of a Firearm, Maintaining Premises for Drug Activity and Simultaneous Possession of Drugs and a Firearm. (See Exhibit B)

On February 27, 2008 a Petition to Revoke was filed against the Petitioner in case number 97-572 (See Exhibit A) and the basis of the petition were the charges made in case

number 08-168. (Doc. 1, p. 5) A hearing was ultimately conducted on September 23, 2008 and the court found that the Petitioner had violated the terms and conditions of his suspended sentence and sentenced the Petitioner to 25 years in the Arkansas Department of Corrections plus an additional five years suspended. (See Exhibit A)

The Petitioner filed the instant petition on November 14, 2008 contending that the court should not have found that the Petitioner violated the suspended sentence in 97-572 because the circuit judge that issued the search warrant in case 08-168 was his attorney in case number 97-572 and that constituted a conflict of interest because he disclosed to his attorney that he preferred marijuana to pain medication for an existing injury. (Doc. 1, p. 5) The Petitioner also did not believe that it was proper for him to be revoked based upon alleged crimes that he had not been convicted of at the time of the petition to revoke hearing. (Doc. 1, p. 6)

The Petitioner contends that he told his attorney to appeal the sentence in 97-572. (Doc. 1, p. 2 and p. 5) The court has researched the court records for the Arkansas Court of Appeal at http://courts.state.ar.us/ and determined that no appeal had been filed in the above case. The court also researched the Sebastian County Clerk's records and determined that no notice of appeal has been filed. (See Exhibit B)

The records indicate that the Petitioner did appear before the Sebastian County Circuit court in case number 08-168 on November 5, 2008 and entered a plea of guilty to all of the charges except court 2, Possession of Oxycontin with intent to deliver, which was *nolle prosequi*. The Petitioner was sentenced to 25 years in the Arkansas Department of Corrections plus an additional five years suspended on the Class Y felony, 10 years in the Arkansas Department of Correction on all Class C felonies, and 6 years in the Arkansas Department of Corrections on all Class D felonies. All charges were to run concurrent with each other and concurrent with the

sentence imposed in 97-572. (See Exhibit B)

## II. Discussion

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)  (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. section 2254(b)

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. O'Sullivan v. Boerckel 526 U.S. 838, 842, 119 S.Ct. 1728, 1731 (U.S.Ill.,1999)

A prisoner has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). An exception to the exhaustion requirement exists, however, where "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(ii); see also *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir.2005).

After entering his guilty plea on November 5, 2008 (Exhibit B), Petitioner could not appeal his conviction in case number 08-168. *Seibs v. State*, 357 Ark. 331, 333, 166 S.W.3d 16, 17 (2004); Ark. R. App. P., Rule 1

The Petitioner clearly could have appealed the finding by the Sebastian County Circuit court that he had violated his suspended sentence in 97-572. (Ark. R.App. P., Rule 1) He had 30

days from the date judgment was entered (Ark. R.App. P., Rule 2), which in this case, was September 29, 2008. (Exhibit A) As noted, no appeal has been filed.

The Petitioner also has the right to file a Rule 37 petition in the state court which allows a petitioner to contend that the sentence was imposed in violation of the Constitution and laws of the United States. ARCrP, Rule 37.1(a)(i) The Petitioner has 90 days from the day of judgment to file his claim with the Arkansas Appellate Court. ARCrP, Rule 37.2(c) That claim will not be exhausted until December 29, 2008.

### III. Conclusion

Based on the above, I recommend that the instant petition be dismissed without prejudice for failure to exhaust state remedies.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED November 26, 2008.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE